UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RHONDA F., <br><br>                    Plaintiff, <br><br>        v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>                    Defendant. | CASE NO. 3:23-CV-5498-DWC <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of his applications for judicial review of his applications for Supplemental Security Income (SSI) benefits and Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that the ALJ failed to follow a directive given by the Appeals Council in assessing the medical opinion of Dr. Hector Reyes. Accordingly, the Court concludes this matter must be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for that opinion to be reassessed.

## I. BACKGROUD

Plaintiff filed applications for SSI and DIB on November 26, 2023, alleging disability beginning on July 2, 2013. Administrative Record (AR) 20, 356–63, 1109, 1590. Her date last insured, for the purposes of her DIB eligibility, is December 31, 2017. AR 23, 1110, 1590.

After her applications were denied initially (AR 150–53) and upon reconsideration (AR 157–60) she filed a written request for a hearing (AR 161–64) which was held on April 27, 2016 (AR 45–95). Administrative Law Judge (ALJ) Ilene Sloan issued a written decision finding Plaintiff not disabled on August 26, 2016 (AR 17–47) which Plaintiff appealed to this Court. On May 11, 2018, United States Magistrate Judge Brian Tsuchida found the ALJ erred in assessing three medical opinions and two lay witness statements and accordingly reversed and remanded the case. AR 1188–99.

A new hearing was held before ALJ C. Howard Prinsloo on July 11, 2019. AR 1127–53. ALJ Prinsloo issued a decision finding Plaintiff not disabled on September 23, 2019. AR 1106–26. Plaintiff again appealed to this Court and, pursuant to a stipulation by both parties, United States Magistrate Judge Theresa Fricke reversed and remanded ALJ Prinsloo's decision. AR 1727–28. The Appeals Council issued an order vacating ALJ Prinsloo's judgment and remanding the case. AR 1729–33.

Two additional hearings were held before ALJ David Johnson on December 2, 2021 (AR 1640–67), and May 25, 2022 (1668–98). ALJ Johnson issued a written decision on June 29, 2022. AR 1585–39. ALJ Johnson found Plaintiff was not disabled prior to December 1, 2020, but was disabled after that date. AR 1590. ~~Plaintiff's~~ exceptions were denied by the Appeals

Council (AR 1577–84) making ALJ Johnson's decision the final decision of the Commissioner, *see* 20 C.F.R. § 404.984(b)(2).

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g) this Court may set aside the Commissioner's denial of social security benefits if and only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III. DISCUSSION

Plaintiff raises a single issue on appeal: whether the ALJ erred in assessing the three medical opinions submitted by Hector Reyes, MD. *See generally* Dkt. 10.

### A. Prior Assessments of Dr. Reyes's Opinions

Treating physician Dr. Reyes submitted three opinions: one in September 2015 (AR 802–07), another in November 2015 (AR 910), and a third in September 2017 (AR 1490–92).[1] Judge Tsuchida's decision reversed ALJ Sloan's decision, in part, because of ALJ Sloan's inadequate assessment of Dr. Reyes's opinions. AR 1196–97. ALJ Prinsloo reassessed the opinion on remand. AR 1120. In Judge Fricke's stipulated remand order, she instructed the Appeals Council to "instruct the [ALJ[ to . . . reevaluate the opinion evidence of record." AR 1727.

After Judge Fricke's decision, the Appeals Council remanded to the ALJ "for resolution of" several specific issues. AR 1731–34. It listed Dr. Reyes's opinions as one of those issues. AR 1731. It described Dr. Reyes's opinions and then said the following:

> The Administrative Law Judge assigned little weight to Dr. Reyes's opinions (Decision, page 12). In coming to this conclusion, the Administrative Law Judge reasoned that Dr.

---

[1] Plaintiff does not refer to the second of these statements as a medical opinion, *see* Dkt. 10 at 5, but both ALJ Prinsloo and ALJ Johnson did, *see* AR 1120, 1608. The Court does not decide whether that statement was a medical opinion.

> Reyes's opinions are out of proportion to the claimant's benign workup findings and are inconsistent with his own examination findings (Decision, page 12). However, as outlined above, Dr. Reyes relied on the claimant's fibromyalgia in rendering his opinions. In evaluating Dr. Reyes's opinions, the Administrative Law Judge did not consider the medical evidence in light of fibromyalgia's unique symptoms and diagnostic methods, as outlined in Social Security Ruling 12-2p. Notably, the claimant consistently presented with the requisite positive tender points on physical examination (Exhibits 14F, page 4; 15F, pages 16, 23, and 30; 19F, page 1; 29F, pages 1 and 11; and 32F, page 10). The Administrative Law Judge did not adequately explain how the objective medical evidence undermines Dr. Reyes's opinions with respect to the claimant's fibromyalgia. Notably, the District Court previously remanded this case for further evaluation of Dr. Reyes's opinions on similar grounds (Exhibit 14A, pages 13-14). Further evaluation of the medical opinion evidence of record is therefore warranted.

AR 1731–32. The order proceeded to direct the ALJ, on remand, to "[g]ive further consideration to the . . . source opinions . . . consistent with the above guidance." AR 1732.

On remand, ALJ Johnson repeated verbatim the entirety of ALJ Prinsloo's analysis of Dr. Reyes's opinion. *Compare* AR 1120 *with* AR 1608–09. The only substantive change he made to the opinion was the addition of the following paragraph:[2]

> Moreover, Dr. Reyes' provides varying opinions, that are not reflective of the variation in the claimant's fibromyalgia symptomology over time. Rather, Dr. Duby, the independent medical expert, whose testimony was given significant weight, was able to provide a synthesized opinion that considered the variation of fibromyalgia overtime, the claimant's subjective reports, the treatment notes, and the opinions of Dr. Reyes, as well as others.

AR 1609.

---

[2] ALJ Johnson made some changes to ALJ Prinsloo's analysis that did not affect its substance. *Compare* AR 1120 *with* AR 1608–09. ALJ Johnson modified some of the citations—for instance, wherever ALJ Prinsloo said "see e.g.," ALJ Johnson changed that to "See Exhibits." *Id.* The actual exhibits cited for each proposition remained the same, however. *Id.* ALJ Prinsloo introduced the discussion by saying "the record contains multiple opinions from Dr. Reyes . . ." and ALJ Johnson changed that to "multiple, varying, opinions." *Id.* Finally, ALJ Prinsloo had said "Dr. Reyes's opinions are inconsistent with his own examination findings," while ALJ Johnson repeated the same sentence without the words "his own," although the sentences that followed and exhibits cited within that paragraph were entirely unchanged.

## B. Reviewability of ALJ Compliance with Remand Order

Plaintiff argues the ALJ erred by failing to follow the Appeals Council's remand order. Dkt. 10 at 5, 11. Defendant replies that the Court lacks the power to evaluate whether the ALJ complied with the Appeals Council's remand order. Dkt. 13 at 4–7.

"A federal agency . . . is 'obliged to abide by the regulations it promulgates.'" *Backcountry Against Dumps v. Fed. Aviation Admin.*, 77 F.4th 1260, 1267–68 (9th Cir. 2023) (quoting *Sameena Inc. v. U.S. Air Force*, 147 F.3d 1148, 1153 (9th Cir. 1998)); *see also United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266–67 (1954); *Battle v. F.A.A.*, 393 F.3d 1330, 1336 (D.C. Cir. 2005) ("A court's duty to enforce an agency regulation, while most evident when compliance with the regulation is mandated by the Constitution or federal law, embraces as well agency regulations that are not so required.") (cleaned up). This is true in the social security context. "The Code of Federal Regulations is clearly binding upon the Commissioner." *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000).

When the Appeals Council remands to an ALJ, under applicable agency regulations, the ALJ "shall take any action that is ordered by the Appeals Council and may take additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. §§ 404.977(b); 416.1477(b).

A failure to abide by an Appeals Council remand order is thus legal error. As the only published circuit court case on the question recognized, "[w]hen the Appeals Council remands a case with instructions, those instructions become legal requirements with which the ALJ is bound to comply." *Noreja v. Comm'r, SSA*, 952 F.3d 1172, 1179 (10th Cir. 2020). The Court has the power to reverse the ALJ's decision for legal error. *See e.g.*, *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Defendant argues the Court cannot review the ALJ's compliance with the Appeals Council's order because "the Social Security Act grants to district courts jurisdiction to review only final decisions of the Commissioner." Dkt. 13 at 5 (quoting *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008)). To be sure, the Court does not have the power to review the Appeals Council's remand order. *See Klemm*, 543 F.3d at 1144; 20 C.F.R. § 404.984(a).

But "reviewing a final decision by an ALJ for compliance with an Appeals Council order is not the same thing as reviewing the Appeals Council order itself." *Noreja*, 952 F.3d at 1180. Such a review "is neutral as to the appropriateness of the Appeals Council's directions." *Id.* It is "similar to measuring the ALJ's decision against other legally binding regulatory requirements concerning the collection and assessment of evidence," *id.*, like the requirements for evaluating medical evidence, 20 C.F.R. §§ 404.1520c, 404.1527.

Defendant relies on a single unpublished Ninth Circuit case—*Tyler v. Astrue*—which arguably held otherwise. Dkt. 13 at 5–7 (citing *Tyler v. Astrue*, 305 Fed. App'x 331, 332 (9th Cir. 2008)). *Tyler* is not precedential, *see* 9th Cir. R. 36-3, and "[a] nonprecedential disposition is not appropriately used . . . as the pivotal basis for a legal ruling by a district court," *Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020).[3]

---

[3] As some unpublished cases do, *Tyler* "provide[d] shorthand explanations" without describing some relevant facts, *Grimm*, 971 F.3d at 1067, making it difficult to discern whether it supports Defendant's position. The *Tyler* court said that "[t]he law of the case doctrine does not apply because the Appeals Council . . . did not decide any issues of fact or law itself." *Tyler*, 305 Fed. App'x at 332. Here, at the very least, the Appeals Council made the determination that ALJ Prinsloo's analysis of Dr. Reyes's opinion was inadequate. And the Court rests its decision on a different ground, the ALJ's compliance with agency procedure, which *Tyler* did not consider.
 The *Tyler* court observed that "federal courts only have jurisdiction to review the final decisions of administrative agencies." *Tyler*, 305 Fed. App'x at 332. But it is not clear whether that statement was directed to the reviewability of the ALJ's compliance with the Appeals Council order. At the district court level, the claimant in that case had urged the court to review whether "the Appeals Council committed legal error by not discussing whether the ALJ followed its initial remand order." 2007 WL 9735257 at *8 (N.D. Cal. April 27, 2007). The court's statement may have been a "shorthand explanation," *Grimm*, 971 F.3d at 1067, rejecting that argument.

In sum, an ALJ's failure to abide by an Appeals Council order violates Commissioner's regulations and is thus reversible legal error.

### C. ALJ Johnson's Compliance with Appeals Council Order

Turning to the merits of the argument, ALJ Johnson failed to comply with the Appeals Council's order. The order found ALJ Prinsloo had failed to "adequately explain how the objective medical evidence undermines Dr. Reyes's opinions with respect to the claimant's fibromyalgia." AR 1732. The order then directed ALJ Johnson to "give further consideration" to Dr. Reyes's opinions "consistent with" the guidance it had given with respect to that opinion. *Id.*

ALJ Johnson did not do so. ALJ Johnson repeated verbatim the analysis which the order found deficient. AR 1120, 1608–09. He made two substantive additions to ALJ Prinsloo's analysis: (1) that he gave the opinion of medical expert Dr. Duby more weight and (2) that "Dr. Reyes' provides varying opinions, that are not reflective of the variation in the claimant's fibromyalgia symptomology." AR 1608–09. The first addition does not reassess Dr. Reyes's opinions at all. Rather, it simply states that a different opinion was given more weight. Under the regulations applicable to this case, "[t]he opinion of a nonexamining physician," like that of Dr. Duby, "cannot by itself constitute substantial evidence that justifies the rejection of the opinion of . . . a treating physician" like those of Dr. Reyes. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) (as amended).

The second addition does not constitute "further consideration" of the opinion or any sort of remediation of the inadequacy of the ALJ Prinsloo's explanation. It is merely a conclusory statement that the opinions vary and differ from the medical evidence. There is no explanation for why the variance between the opinions is a reason to reject the opinions. Nor is there an explanation for why the opinions conflict with the medical evidence. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 7

decisions in a way that allows for meaningful review"); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988) ("The ALJ must do more than offer his conclusions [in rejecting a treating source's opinion]. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct."). The only plausible explanation for why Dr. Reyes's opinion is "not reflective" of Plaintiff's symptomatic variation is found in the parts of the opinion repeated verbatim from ALJ Prinsloo's, which the Appeals Council found were not adequate.

In sum, the ALJ erred in not fulfilling the mandate of the Appeals Council's order. An error is harmless only if it is not prejudicial to the claimant or is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's erroneous rejection of Dr. Reyes's opinions was not harmless because, had the ALJ credited his opinions, it would have found Plaintiff capable of, at most, sedentary work (*see* AR 802–07, 910, 1490–92), a higher exertional level than the ALJ ultimately found Plaintiff capable of (*see* AR 1597).

Because the Court concludes that ALJ Johnson committed legal error in assessing Dr. Reyes's opinion, it declines to evaluate whether ALJ Johnson's explanation for rejecting the opinion—repeated from ALJ Prinsloo's decision—was erroneous.

**D.  Remedy**

Plaintiff argues the Court should remand the case for an award of benefits. Dkt. 10 at 11. "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). The Court should "remand for further proceedings when . . . an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). In particular, the Court "must consider whether there are 'inconsistencies between the claimant's testimony and the medical evidence in

the record.'" *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (quoting *Treichler*, 775 F.3d at 1105). Plaintiff has not challenged the ALJ's assessment of her subjective symptom testimony which pointed to multiple such inconsistencies. There remains doubt in the record, for that reason, as to whether the claimant is disabled. Accordingly, remand for the ALJ to appropriately consider Dr. Reyes's opinion is the appropriate remedy.

## IV. CONCLUSION

For the foregoing reasons, the Court finds the ALJ improperly concluded that Plaintiff was not disabled. Accordingly, this matter is **REVERSED and REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration of the medical opinion of Dr. Hector Reyes.

Dated this 17th day of January, 2024.

David W. Christel
Chief United States Magistrate Judge